## Cramer v. Surrena

*John W. McWilliams*, for plaintiff.

*Martin E. Cusick*, for defendant.

McKAY, J., May 5, 1956.—We have before us for disposition, two rules. The first is a rule to show cause why the service of process made upon defendant, William Surrena, on March 8 and March 15, 1956, should not be vacated and set aside. The second is a rule to show cause why the affidavit of service should not be amended. A hearing was held on the rules on May 3, 1956, after which arguments were made by counsel for the respective parties.

The facts necessary to dispose of the rules are all of record, except the brief testimony taken at the hearing, at which the testimony of James B. Carey, deputy sheriff of Butler County, and Sara Walls, clerk in the Mercer County sheriff's office, was taken. On March 6, 1956, plaintiff filed a præcipe for a writ of summons in the office of the prothonotary of Mercer County, upon

which a summons was issued and delivered to the sheriff. On the same day the sheriff deputized the sheriff of Butler County, Earl B. Walker, to serve the writ of summons. On March 8, 1956, J. B. Carey, deputy sheriff of Butler County, served the writ of summons on defendant, William Surrena, personally, at his place of residence in Harrisville, Butler County. No complaint had been filed or was served at that time. Inadvertently the printed word "complaint" was not crossed out and the words "Writ of Summons" typed in the printed form of affidavit of service so that the affidavit of service made by the deputy sheriff of Butler County, to which the sheriff of Butler County made return, indicated that it was the complaint that was served, instead of the writ of summons.

On March 14, 1956, plaintiff filed a complaint in trespass. Two copies of it were issued to the sheriff. The sheriff of Mercer County made return that he had served the complaint, personally, on William Surrena on March 15, 1956, at Harrisville, Butler County.

On April 16, 1956, plaintiff moved the court to set aside the sheriff's return as to the service made upon defendant, and on April 27, 1956, plaintiff presented a petition and obtained a rule on defendant to amend the sheriff's return of service of summons so as to conform to the above facts.

Following the hearing on May 3rd, no objection was raised to the granting of the petition to amend the return relating to the service made on March 8, 1956, so as to show that it was the writ of summons and not the complaint that was served on that date. An order will be entered accordingly.

We have then the service of the writ of summons validly made on March 8, 1956, which gives the court jurisdiction over the person of defendant, William Surrena, as of that date.

This leaves the motion to set aside the sheriff's

return presented by defendant without any ground upon which to stand, and the rule issued thereon must accordingly be discharged.

This disposition would be required in any event, because the procedure of attacking the jurisdiction over the person of defendant by a motion to set aside the sheriff's return is no longer recognized as appropriate. Since the adoption of the Pennsylvania Rules of Civil Procedure, the exclusive method of raising a question of jurisdiction over either the person or the subject matter is to file preliminary objections under rule 1017(*b*) (1). The comment on this question in Goodrich-Amram Standard Pennsylvana Practice, under rule 1013(*b*)-6 is as follows:

"Rule 1017(b) directs that the preliminary objection shall include a 'petition' raising a queston of jurisdiction. This will exclude a 'motion'; that is to say, a motion to quash or to set aside cannot be filed under the guise of a preliminary objection.—The direct language of the Rule appears to limit the defendant to the preliminary objection (i. e. the proceedings under the Act of 1925) as the sole method of raising these jurisdictional questions, and thereby to forbid the further use of the common-law motion to quash and to set aside."

Even if defendant's motion were construed as a preliminary objection it would have to be overruled because it was not filed within the period of 20 days from the service of either the writ of summons or the service of the complaint.

At the hearing, counsel for defendant raised for the first time the additional objection that there was no formal return of service by the sheriff of Mercer County, indicating that he had served the summons by deputization of the sheriff of Butler County. All of the facts relating to that service, however, appear clearly of record, and there is no question that de-

586

fendant knew of the service and is properly before the court. There is no merit to this objection.

### Order

Now, May 5, 1956, after hearing and argument, it is ordered that the sheriff of Butler County be permitted to amend his affidavit of service on defendant, William Surrena, to show that a certified copy of the return of summons in trespass was served on defendant on March 8, 1956, instead of a certified copy of a complaint in trespass, and that the amended affidavit of service attached to said petition be attached to the original writ of summons in trespass.

### Order

Now, May 5, 1956, after hearing and argument held, the rule heretofore granted on April 16, 1956, upon plaintiff to show cause why the service of process made upon defendant, William Surrena, on March 8 and March 15, 1956, should not be vacated and set aside, is hereby discharged.